LOBRANO, Judge.
The sole issue in this appeal is whether a default judgment rendered against the succession representative not properly qualified under the law was in error.
Prior to her death, certain medical services were allegedly rendered to Mary Mason Harper by Oschner Clinic. Apparently the account was never paid and was assigned to plaintiff, Interstate Collection Bureau, Inc. (ICB) on November 23, 1983. ICB pursued collection efforts against the heirs of Harper, without success and subsequently filed a petition to open her succes *689 sion and appoint an administrator in-hopes of recovering its debt.
On May 19, 1983 a hearing was held before the trial court and Gerald Olivier, an agent of ICB was appointed succession representative. In attendance at this hearing was Vernon Mason an heir of decedent. He was advised by the Court to seek legal counsel and was informed that Olivier would be removed as administrator of the succession upon the nomination of another individual chosen by the heirs.
The heirs never nominated their own representative or made any effort to remove Olivier as administrator. Olivier never filed an inventory or sworn list, nor did he post bond, file an administrator’s oath, nor were letters of administration issued to him.
On September 13, 1983, suit was filed on open account by plaintiff against Olivier as succession representative, for $5,800.00 representing the alleged medical debts of decedent. On October 11, 1983, the trial court granted a default judgment against the succession as represented by Olivier for the full amount plus interest. The heirs of Mary Mason Harper (appellants) have perfected this appeal seeking to set aside the default judgment since the succession representative was not properly qualified as such. They also raise other issues which we will not address since the first is dispositive of this matter.
Article 734 of the Code of Civil Procedure provides in part:
“The succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration....”
Article 3249 provides:
“The succession representative shall defend all actions brought against him to enforce claims against the succession and in doing so may exercise all procedural rights available to a litigant.”
Thus, it is clear that while a succession is under administration a suit against that estate must be brought against the administrator whose duty is to defend same. In order to qualify as an administrator, a party must first petition the court for appointment. The Court shall order the taking of an inventory or sworn descriptive list. La. C.C.P. Art. 3094. Thereafter, the applicant must post security and file an oath of office. La. C. C.P. Arts. 3151 and 3158. Once this is done, then letters of administration are issued under the name and seal of the Court evidencing the fact that all requisites have been complied with. La.C. C.P. Art. 3159.
The record is clear that neither an inventory or sworn list were filed, nor an oath of office or an administrator’s bond. Appellee even admits that these procedures were not followed. We are of the opinion that the administrator was not duly qualified.
We therefore hold that the default judgment rendered in this matter is an absolute nullity. Article 2002 provides, in part:
“A final judgment shall be annulled if it is rendered:

(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;

Except as provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.”
The defendant succession was not properly served since it had no qualified administrator to represent it. Lacking that procedural capacity to be sued, we therefore set the judgment aside and remand this matter to the trial court for further proceedings. All costs of this appeal to be borne by appellee.
REVERSE AND REMAND